**FILED**
**March 23, 2022**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RICHARD THOMAS,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0808** (BOR Appeal No. 2055248)
(Claim No. 2018023104)

**RAMACO RESOURCES, LLC,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Richard Thomas, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Ramaco Resources, LL, by Counsel Sean Harter, filed a timely response.

The issue on appeal is an additional compensable condition and medical benefits. On January 16, 2019; February 27, 2019; and March 15, 2019, the claims administrator denied payment for services rendered by Syed Zahir, M.D. The claims administrator denied a request to add cervical disc radiculopathy to the claim on February 25, 2019. On June 10, 2019, the claims administrator denied payment for services rendered by Injury Workers Pharmacy, LLC, on May 29, 2019, and May 30, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its March 12, 2020, Order. The Order was affirmed by the Board of Review on September 18, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

1

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Thomas, a loader and operator, injured his cervical spine in the course of his employment on February 16, 2018, when he fell off of a rock loader at work. A cervical x-ray was performed that day which showed minor degenerative disc disease at C6-7. On March 12, 2018, a cervical MRI showed multilevel degenerative changes and disc disease causing central canal and neural foraminal narrowing. A left shoulder MRI showed no evidence of an acute injury.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on April 13, 2018, in which he noted that Mr. Thomas worked until three weeks prior when he was taken off for physical therapy. Dr. Mukkamala diagnosed cervical sprain. He saw no neurological deficits and recommended that a request for a neurosurgical consultation be denied. Dr. Mukkamala stated that though Mr. Thomas had continued left upper extremity symptoms, the symptoms stem from the cervical spine. He found that there was no actual injury to the left shoulder or arm. Dr. Mukkamala recommended Mr. Thomas finish physical therapy. The claim was held compensable for cervical sprain on April 23, 2018.

The claims administrator approved a request for a change of physician to Syed Zahir, M.D., on May 4, 2018. In a May 11, 2018, treatment note, Dr. Zahir stated that Mr. Thomas underwent physical therapy but saw little improvement in his symptoms. Dr. Zahir diagnosed cervical strain and cervical disc with radiculitis of the left arm, forearm, and hand. He recommended a neurosurgical consultation because Mr. Thomas did not have a discrete cervical disc herniation.

Dr. Mukkamala performed a second Independent Medical Evaluation on May 16, 2018, in which he opined that Mr. Thomas required no further treatment for his compensable cervical sprain, including a neurosurgical consultation. Mr. Thomas had reached maximum medical improvement. Dr. Mukkamala assessed 5% whole person impairment.

In a January 11, 2019, Order, the Office of Judges affirmed, in part, decisions of the claims administrator denying a request for a neurosurgical consultation, pain clinic consultation, EMG/NCS, and five appointments with Dr. Zahir. The Office of Judges found that Mr. Thomas reached maximum medical improvement for his compensable condition by May 16, 2018. On January 16, 2019, the claims administrator denied payment for services rendered by Dr. Zahir. The claims administrator denied a request for the addition of cervical disc radiculopathy to the claim on February 25, 2019. On February 27, 2019, the claims administrator denied payment for services rendered by Dr. Zahir. On March 15, 2019, the claims administrator denied payment for services rendered by Dr. Zahir. On June 10, 2019, the claims administrator denied payment for services rendered by Injury Workers Pharmacy, LLC, on May 29, 2019, and May 30, 2019.

Dr. Zahir testified in a September 6, 2019, deposition that he first treated Mr. Thomas on May 11, 2018, and diagnosed cervical sprain and cervical disc with radiculitis in the left forearm and hand. On December 27, 2018, Dr. Zahir diagnosed bilateral cervical disc radiculitis and bilateral leg pain. Dr. Zahir opined that Mr. Thomas's symptoms are the result of the compensable injury. Dr. Zahir testified that he diagnosed lumbar disc herniation with radiculitis on February 28, 2019. Dr. Zahir admitted on cross examination that he had not been provided with Mr. Thomas's initial treatment notes for the compensable injury. Dr. Zahir clarified that his diagnoses were cervical disc degeneration and radiculopathy. He found no evidence of a disc herniation. On September 25, 2019, Syam Stoll, M.D., performed an Independent Medical Evaluation in which he found that Mr. Thomas had reached maximum medical improvement for his compensable injury.

In its March 12, 2020, Order the Office of Judges affirmed the claims administrator's decisions denying the addition of cervical disc radiculopathy to the claim, denying payment for services rendered by Dr. Zahir, and denying payment for services rendered by Injury Workers Pharmacy, LLC, on May 29, 2019, and May 30, 2019. The Office of Judges first addressed the addition of cervical radiculopathy to the claim. It noted that the claim has been held compensable for cervical sprain, a condition which occurs when muscles or ligaments in the neck are stretched or torn. Cervical radiculopathy, however, results from a pinched nerve caused by changes in the discs. The Office of Judges found that diagnostic testing showed multilevel cervical disc changes and disc disease causing neural foraminal narrowing. Dr. Zahir found no evidence of cervical disc herniation. The Office of Judges concluded that the record fails to show that cervical radiculopathy should be added to the claim.

Regarding payment for medical treatment, the Office of Judges determined that the compensable condition, cervical sprain, is expected to resolve in eight weeks. *See* West Virginia Code of State Rules § 85-20. Further, Dr. Mukkamala found in his Independent Medical Evaluation that Mr. Thomas had reached maximum medical improvement for his compensable injury by May 16, 2018. The Office of Judges found the requests for services rendered by Dr. Zahir were all for dates of services after May 16, 2018, as were the bills received from Injured Workers Pharmacy, LLC. The Office of Judges acknowledged that a claimant could reach maximum medical improvement but still require ongoing treatment. In this case, however, the Office of Judges found that Mr. Thomas failed to provide sufficient evidence to show that monthly visits to Dr. Zahir for medication refills is necessary treatment for his compensable cervical sprain. Lastly,

3

the Office of Judges noted that the record is unclear what medications were provided to Mr. Thomas by Injured Workers Pharmacy. Such requests are usually preapproved before distribution. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 18, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The standard for the inclusion of an additional condition in the claim is the same as for compensability. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Mr. Thomas has failed to provide sufficient evidence to show that he developed cervical disc radiculopathy in the course of and resulting from his employment. Mr. Thomas's diagnostic imaging shows evidence of cervical disc degeneration and canal narrowing. Regarding the requested payments for services rendered by Dr. Zahir and Injured Workers' Pharmacy, such requests were properly denied. West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. Mr. Thomas failed to submit sufficient evidence to show that the visits with Dr. Zahir were necessary treatment for the compensable injury. Further, he failed to provide sufficient information regarding the request for payment to Injured Workers' Pharmacy to justify reversing the denial of payment.

Affirmed.

**ISSUED: March 23, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment

4